UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHAWNDREY D. REYNOLDS, | ) |
| Petitioner, | ) |
| v. | ) No. 2:24-cv-00079-HEA |
| CLAY STANTON, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

Petitioner Shawndrey D. Reynolds, an inmate at Northeast Correctional Center, commenced this habeas action seeking relief under 28 U.S.C. § 2241. ECF No. 1. On April 7, 2025, the Court granted Petitioner's motion to proceed *in forma pauperis* and directed him to show cause as to whether he had exhausted his administrative remedies through the Bureau of Prisons before bringing this matter before the Court. Petitioner has not filed a response to the Court's Show Cause Order and the deadline for doing so has passed. For the reasons discussed below, this case will be dismissed without prejudice.

### Petitioner's Background

Based on a review of federal court records in PACER, the public access database for federal court electronic records,[1] Petitioner was arrested by members of a Fugitive Violent Crimes Task Force, made up of FBI agents and Missouri and Kansas state police officers, on February 6, 2018. *See USA. v. Tillman*, No. 4:18-cr-00040-HFS (W.D. Mo. filed Feb. 7, 2018). According to Petitioner, after he was arrested, he was taken to Clay County on an outstanding warrant. ECF

---

[1] The Court takes judicial notice of its records regarding this related proceeding. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records, even if court records are not actually brought before judge who is asked to take such judicial notice)).

No. 1 at 3.  While he was awaiting trial in Clay County, Petitioner states that he was "returned … to federal custody to answer for the firearm charge."  *Id.* at 3-4.

Based on the docket sheet for his federal case, on February 21, 2018, a federal grand jury returned a one-count indictment against Petitioner and a co-defendant, Joshua Tillman, in the United States District Court for the Western District of Missouri.  *Tillman*, No. 4:18-cr-00040-HFS, ECF No. 9.  On March 12, 2018, Petitioner was brought to the Western District Court via *writ of habeas corpus ad prosequendum* for his initial appearance.  *Id.* at ECF No. 14.  Petitioner appeared before the Western District Court on April 27, 2018, and was then remanded to the custody of the U.S. Marshals.  *Id.* at ECF No. 20.  Eventually, on August 20, 2019, Petitioner pleaded guilty to one count of felon in possession of a firearm and ammunition.  *Id.* at ECF No. 69.  On January 10, 2020, Petitioner was sentenced to 60 months with the Federal Bureau of Prisons ("FBOP").  *Id.* at ECF Nos. 80-81.

Petitioner states that after his federal sentencing, he was returned to Clay County to answer the pending charges there.  An independent review of Petitioner's criminal history on Missouri Case.net, the State of Missouri's online docketing system,[2] shows that a Clay County grand jury charged Petitioner with robbery and armed criminal action on May 9, 2017.  *See State v. Reynolds*, No. 17CY-CR01930 (7th Jud. Cir. May 9, 2017).  However, Petitioner was not arraigned on these charges until after his February 2018 arrest.  Documents filed in his state court case indicate that the case was repeatedly continued while defendant was in "Federal Custody."  *Id.* (*Docket Entry Forms* dated Apr. 12, 2018 through Jan. 23, 2020).  Eventually, on June 17, 2020, Petitioner pleaded guilty in state court to one count of second-degree robbery and on August 20, 2020, he

---

[2] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

was sentenced to a term of thirteen (13) years in the custody of the Missouri Department of Corrections ("MDOC").  It appears that Petitioner was remanded to the custody of the MDOC to begin serving his state sentence immediately.

## § 2241 Petition

In the instant petition, Petitioner claims that once he arrived at MDOC, he was "informed of a detainer from FBOP which stated that, upon completion of his DOC sentence, he would be picked [up] by FBOP to serve his 60-month sentence."  ECF No. 1 at 4.  Petitioner argues that his "jail time should have continued to run since the first day of his incarceration because federal authorities arrested him and had original jurisdiction."  Petitioner states that it is "an error in the execution of [his] federal sentence" for it to not commence until the completion of his DOC sentence.  *Id.*  Furthermore, the FBOP detainer on his record "negatively impacts his custody level," preventing him from being eligible for a minimum-security prison placement.  *Id.* at 5.

As relief, Petitioner seeks an order directing the Federal Bureau of Prisons to properly calculate his sentence, discharge him from the sentence, remove the detainer currently lodged against him, recalculate his custody level once the detainer is removed, and schedule him for release to parole.  *Id.* at 1.

## Discussion

Rule 4 of the Rules Governing Habeas Corpus Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas corpus petition if it plainly appears that the petitioner is not entitled to relief.  In this case, Petitioner seems to be arguing that his federal sentence should be running concurrently with his state sentence, in that he should be receiving federal credit for time served since his February 2018 arrest.  Based on a review of Petitioner's history, it appears that Missouri had primary jurisdiction over Petitioner and that there

is no reason why Petitioner's federal sentence should be running concurrently.  However, because it appears that Petitioner has failed to exhaust his administrative remedies by bringing this claim to the Bureau of Prisons first, this case will be dismissed without prejudice.

The Bureau of Prisons (BOP), not a federal district court, is the entity that determines when a federal sentence commences and whether or not a prisoner should receive credit for time spent in custody.  *See U.S. v. Iversen*, 90 F.3d 1340, 1344-45 (8th Cir. 1996); *U.S. v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992).  Administrative procedures exist within the BOP for resolution of claims such as those raised by Petitioner here.  S*ee* BOP's Administrative Remedy Program, 28 C.F.R. § 542.10 *et seq*.  Before a prisoner can bring a habeas action challenging the BOP's execution of his or her sentence, he or she must first present the claim to the BOP.  *Mathena v. U.S.*, 577 F.3d 943, 946 (8th Cir. 2009).  Once a prisoner has exhausted his or her administrative remedies, he or she may seek judicial review by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241.  *U.S. v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).  A § 2241 petition challenging the BOP's execution of a sentence must be filed in either the district where the prisoner is confined, in the United States District Court for the District of Columbia, or in any district in which the BOP has a regional office.  *U.S. v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000).  If a petitioner does not exhaust his administrative remedies with the BOP before filing suit in district court, the petition must be dismissed without prejudice.  *Mathena*, 577 F.3d at 946.

Here, Petitioner does not assert that he has exhausted his available administrative remedies with the BOP before bringing this action.  And Petitioner has failed to respond to the Court's Show Cause Order explaining what steps, if any, he has taken to exhaust his administrative remedies with the BOP.  As such, based on the evidence before the Court, this case will be dismissed without prejudice for failure to exhaust administrative remedies.

- 5 -

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] is **DENIED and DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this  27th day of May, 2025.

                                             HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE